## THE STATE v. D. J. MURPHY.

1. An indictment for theft which describes the stolen property as "one head of neat cattle of the value of $12," describes the property with sufficient certainty.

2. Though the word "cattle" may include several species of domestic animals, yet when used in an indictment it must be construed as understood in common parlance, and limited in its application to animals of the *bovine genus*.

APPEAL from Palo Pinto. Tried below before the Hon. Charles Soward.

Exceptions were sustained to the indictment in this cause by the district judge, upon the ground that the charge was too vague and general. It described the property alleged to have been stolen as "one head of neat cattle of the value of twelve dollars."

*Browne*, for appellant, cited State v. Mansfield, 33 Texas, 129.

*Woolfolk & Stribling*, for appellee.

WALKER, J.—An indictment for theft, which describes the stolen property as one head of neat cattle, of the value of $12, the property of C. C. Cooper, is good under our law. Perhaps, at common law greater strictness might have been required, inasmuch as the word cattle may include other domestic animals than those of the bovine genus. But in common parlance the word is restricted in its sense, and does not include sheep, goats, horses, mules, asses, and swine, although, strictly speaking, it does include all these domestic quadrupeds collectively. Shakespeare used it to include boys and women, in the line,

"Boys and women are, for the most part, cattle of this color."

We think, however, that this question was sensibly treated in The State v. Mansfield, 33 Texas, 129, and the analogy between that case is so close to the one at bar that we hold it as authority, and reverse and remand this case.

REVERSED AND REMANDED.